IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

ROBERT A. MORGAN, as
Trustee of the Bankruptcy Estate of
TONYA FRAZIER,

    PLAINTIFF

v.   CASE NO. CV-04-J-1181-J

STAN THOMAS,

    DEFENDANT.

## MEMORANDUM OPINION AND ORDER

The plaintiff having filed a motion for attorneys' fees (doc. 46) and a memorandum in support thereof (doc. 47), the defendant having filed a response in opposition to said motion (doc. 51) and the court having considered said motion and response, finds as follows:

Upon jury verdict, the court entered judgment in favor of the plaintiff and against the defendant in the amount of $20,500.00 in compensatory damages and $10,000.00 in punitive damages.  Therefore, the court may allow the plaintiff a reasonable attorney's fee and costs, for vindication of the plaintiff' rights under 42 U.S.C. § 1983.  *See* 42 U.S.C. § 1988(b).  Defendant's counsel does not dispute that the plaintiff is the prevailing party.

The court must apply the lodestar method in order to determine the reasonableness of plaintiff's attorneys' fees. *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000); *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir.1999). This approach requires that the court determine whether the plaintiff is a "prevailing party" which this court has already done. Next, the court must calculate the "lodestar," which is the number of hours spent in legal work on the case, multiplied by a reasonable market rate in the local areal. *Dillard*, 213 F.3d at 1353. Additionally, the court may adjust the lodestar to account for other considerations that have not yet been figured in the computation. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir.1996).

### Hourly Rate

Plaintiff's counsel requests compensation at the rate of $250.00 per hour. Defendant counsel does not dispute that this rate is reasonable. However, the defendant does dispute whether the plaintiff's request for compensation for 231 hours work is reasonable.

### Hours Expended

This court must determine whether the number of hours expended by counsel are reasonable. *Duckworth*, 97 F.3d at 1397. The court must deduct

redundant hours and time spent on unsuccessful claims. *Barnes,* 168 F.3d at 432. The defendant must make specific and reasonably precise objections concerning hours to be excluded. *Id.* at 428. The plaintiff requests compensation for 231 hours. The defendant asserts that the plaintiff is not entitled to compensation by this court for the amount of time related to Tonya Fraizer's bankruptcy action, rather than her civil rights claim against defendant Stan Thomas. The court agrees with the defendant on this argument in part. However, once the bankruptcy estate was reopened, which allowed plaintiff Frazier to proceed with this action, the bankruptcy trustee became the plaintiff in whose name this action was prosecuted.[1] Therefore, the court is of the opinion that only the hours expended prior to the reopening of the bankruptcy estate as listed below, should be disallowed as compensable time:

| | | |
|---|---|---|
| 10/11/04: | 1.8 hours | preparation of motion in bankruptcy case; meeting with client regarding declaration in support of motion |
| 10/14/04: | .2 hours | preparation of letter to bankruptcy court clerk enclosing filing fee |
| 10/21/04: | .2 hours | telephone conference with client regarding bankruptcy hearing |

---

[1] The defendant cannot argue otherwise as the defendant also asserts that plaintiff's counsel is bound by the contingency fee agreement entered between plaintiff's counsel and Robert Morgan, "the bankruptcy trustee and party plaintiff." Defendant's response, at 6.

3

| | | |
|---|---|---|
| 11/1/04: | .3 hours | receipt and review of response to motion to reopen bankruptcy |
| 11/5/04: | .8 hours | legal research regarding bankruptcy issues and preparation for bankruptcy hearing |
| 11/8/04 | .1 hours | receipt and review of notice of bankruptcy hearing |
| 11/9/04 | 5.0 hours | travel to Tuscaloosa for hearing |
| 11/9/04 | .7 hours | preparation for hearing |
| 11/9/04 | 4.0 hours | attendance at hearing and post-hearing conference with Dan Pickett and Robert Morgan |
| 11/10/04 | .2 hours | preparation of notice of appearance to bankruptcy court |
| | 13.3 hours | |

The court therefore disallows 13.3 hours of time claimed by the plaintiff.

## The Contingency Agreement

The defendant next argues that although the lodestar method is accepted for determining the amount of attorney's fees, the court should also consider the fee agreement entered between plaintiff's counsel and the bankruptcy trustee. Defendant's response, at 6. Defendant argues that the agreement is for one-third of any recovery while admitting that the agreement nowhere sets forth any percentage. *Id.*, at n. 1. *See also* exhibit 2 to defendant's response, Order approving contingency fee employment. The plaintiff's argument on this point is of no assistance, counsel merely states that an award of fees should not be reduced based

on a contingency fee agreement.  Plaintiff's memorandum, at 9-10.  Both parties rely on the same case, *Blanchard v. Bergeron,* 489 U.S. 87, 94, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989), to support their respective positions.

> Examining this very argument, the Supreme Court has held as follows:
>
> It is true that in construing § 1988, we have generally turned away from the contingent-fee model to the lodestar model of hours reasonably expended compensated at reasonable rates. See *Blanchard v. Bergeron,* 489 U.S. 87, 94, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 564, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986) (*Delaware Valley I* ); *Riverside v. Rivera,* 477 U.S. 561, 574, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986) (plurality opinion); *Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984) .... But it is a mighty leap from these propositions to the conclusion that § 1988 also requires the District Court to invalidate a contingent-fee agreement arrived at privately between attorney and client. We have never held that § 1988 constrains the freedom of the civil rights plaintiff to become contractually and personally bound to pay an attorney a percentage of the recovery....
>
> Indeed, our cases look the other way. Section 1988 makes the prevailing *party* eligible for a discretionary award of attorney's fees. *Evans v. Jeff D.,* 475 U.S. 717, 730, 106 S.Ct. 1531, 1538, 89 L.Ed.2d 747 (1986)....

*Venegas v. Mitchell,* 495 U.S. 82, 87, 110 S.Ct. 1679, 1682-1683 (1990).  The *Venegas* Court then explained the holding in *Blanchard* as follows:

> .... *Blanchard* did not address contractual obligations of plaintiffs to their attorneys; it dealt only with what the losing defendant must pay

the plaintiff, whatever might be the substance of the contract between the plaintiff and the attorney....

In sum, § 1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the "reasonable attorney's fee" that a defendant must pay pursuant to a court order. Section 1988 itself does not interfere with the enforceability of a contingent-fee contract.

*Venegas v. Mitchell,* 495 U.S. at 89-90, 110 S.Ct. at 1683-1684. Further explaining the interaction of § 1988 when a contingency fee agreement is present, the Court in *City of Burlington v. Dague* stated:

"[W]e have generally turned away from the contingent-fee model"– which would make the fee award a percentage of the value of the relief awarded in the primary action – "to the lodestar model." *Venegas v. Mitchell,* 495 U.S. 82, 87, 110 S.Ct. 1679, 1682, 109 L.Ed.2d 74 (1990). We have done so, it must be noted, even though the lodestar model often (perhaps, generally) results in a larger fee award than the contingent-fee model. See, *e.g.,* Report of the Federal Courts Study Committee 104 (Apr. 2, 1990) (lodestar method may "give lawyers incentives to run up hours unnecessarily, which can lead to overcompensation"). For example, in *Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989), we held that the lodestar governed, even though it produced a fee that substantially exceeded the amount provided in the contingent-fee agreement between plaintiff and his counsel (which was self-evidently an amount adequate to attract the needed legal services). *Id.,* at 96, 109 S.Ct., at 945-946. Contingency enhancement is a feature inherent in the contingent-fee model (since attorneys factor in the particular risks of a case in negotiating their fee and in deciding whether to accept the case). To engraft this feature onto the lodestar model would be to concoct a

> hybrid scheme that resorts to the contingent-fee model to increase a fee award but not to reduce it. Contingency enhancement is therefore not consistent with our general rejection of the contingent-fee model for fee awards, nor is it necessary to the determination of a reasonable fee.

*City of Burlington v. Dague*, 505 U.S. 557, 565-566, 112 S.Ct. 2638, 2643 (1992).

Having considered the foregoing, the court is of the opinion that the contingency-fee agreement is a concern between counsel for plaintiff and his client, not this court. In contrast, § 1988 and hence the lodestar standard control this court's decision in awarding an attorney's fee to the prevailing party for payment by the defendant.

**Excessive and Redundant Fees**

The defendant next argues that the plaintiff is not entitled to compensation for excessive or redundant fees. The court has considered the defendant's arguments and carefully reviewed the hours spent by plaintiff's counsel on various activities. Although defendant considers such activities as working on the complaint in this case for 1.5 hours one day and 1.7 hours the next day, the court is aware that attorneys often work on a pleading for more than one day. The court finds nothing excessive in allowing 3.2 hours for preparing the complaint filed in this case. Similarly, the court finds defendant's argument concerning the time

claimed for responding to the defendant's motion for summary judgment to be similarly unfounded. Plaintiff's counsel claims 19.5 hours for responding to the defendant's motion. Defendant filed a twenty-five page brief and 129 pages of exhibits. Plaintiff filed a twenty-four page response and 164 pages of exhibits. The court notes that plaintiff's response was meritorious, as the summary judgment motion was denied and the case proceeded to trial which resulted in a jury verdict in the plaintiff's favor. As such, this court does not consider 19.5 hours of work on a successful response to a motion for summary judgment to be excessive.

## Expenses

The defendant next objects to plaintiff's counsel's request for certain expenses. The plaintiff claims a total of $4,803.31 in expenses. Based on the finding by the court that plaintiff's counsel is not entitled to compensation by this court for hours and fees expended before the bankruptcy court prior to the reopening of plaintiff Frazier's bankruptcy case, the court agrees with defendant that the plaintiff is not entitled to reimbursement by order of this court for the $155.00 filing fee in bankruptcy court. Additionally, the court agrees that plaintiff's counsel is not entitled to compensation for $77.67 in travel expenses to Tuscaloosa, Alabama for

the bankruptcy hearing on the motion to reopen the bankruptcy estate. Therefore, the court allows expenses in the amount of $4,570.64.

However, the court disagrees with defendant on plaintiff's counsel's entitlement to compensation for both lodging and travel during the trial. Plaintiff's counsel has claimed $271.32 in lodging on September 3, 2005. Defendant argues plaintiff's counsel should not receive this compensation, as well as the amount of time claimed for travel between Florence and Birmingham during the trial. The court finds that on the days plaintiff's counsel has claimed milage and time for travel between Florence and Birmingham, he has not claimed lodging expenses. The court finds nothing excessive in plaintiff's counsel's stated hours for trial and travel and declines to reduce the same.

### Unsuccessful Claims

The defendant also argues that plaintiff's counsel is not entitled to compensation for his unsuccessful claim against the Town of Double Springs. Specifically, defendant asserts that counsel's compensation should be reduced by 25%. The court agrees that, prior to May 20, 2005, when the Town of Double Springs was dismissed, the hours claimed by counsel should be reduced in some regard. In response to the defendant's motion for summary judgment, the plaintiff

9

stated only that "[p]laintiff concedes that the town of Double Springs is entitled to summary judgment and consents to the dismissal with prejudice of her claims against the town." Plaintiff's response to summary judgment, at 2. The court is of the opinion that this concession took plaintiff's counsel less than one minute to draft. Therefore, the time allowed for the plaintiff's response to summary judgment is not due to be reduced by 25%. The court further finds counsel's time spent on research of probable cause and qualified immunity would not concern the Town of Double Springs. Therefore, the court shall reduce hours incurred prior to May 6, 2005 by 25 %.[2] The court calculates this number of hours to be 63.6 (76.9-13.3). Reducing this number by 25% (15.9), the court calculates the proper number of hours prior to May 6, 2005 to be 61.0. Therefore, the court finds that the proper number of hours for plaintiff's counsel to be awarded compensation is 201.8.[3] The court further finds that plaintiff's counsel is entitled to an award of an attorney's fee of $50,450.00 (201.8 x 250.00).

---

[2] The court notes these hours were already reduced by 13.3 for non-compensable time spent before the bankruptcy court.

[3] 231-13.3-15.9= 201.8

**Reasonableness of Award**

The court must next determine whether the lodestar fees calculated above are reasonable in light of the relationship of the results obtained to the work performed. *See Dillard,* 213 F.3d at 1355-56, citing *Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 739 (11th Cir.1988).

The court finds that after hearing all of the evidence presented in this case, the jury concluded that the defendant violated the plaintiff's civil rights. Having reviewed the time submitted by plaintiff's counsel, this court does not find it to be inflated or out of proportion with the sums the court would expect from litigation of this type. As such, this court declines to adjust the lodestar to account for other considerations. This court finds the fees reasonable for the reasons set forth above, except as previously adjusted. As such, the court at this point of its analysis finds that Mr. Sherrod is entitled to 201.8 hours compensation at the rate of $250.00 per hour ($50,450), plus $4,570.64 in expenses, for a total of $55,020.64.

The court has considered the defendant's other objections to the plaintiff's counsel's claimed time, but finds that further reductions on these objections are not well-taken.

## Conclusion

In sum, the court finds that the plaintiff is due a total award of attorneys' fees and costs of $55,020.64.  Applying its experience and knowledge of the nature of this case, and considering all factors which this court must in awarding attorneys' fees, the court finds no further adjustments to this award are necessary.

It is therefore **ORDERED** by the court that plaintiff's motion for attorney's fees and costs is **GRANTED**, and plaintiff is awarded the sum of $55,020.64, in accordance with this opinion.

**DONE** and **ORDERED** this the 12th day of October, 2005.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE